UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

JASMIN H.,

                Plaintiff,

v.                                                                                      CASE # 21-cv-01046

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

───────────────────────────────────────────────

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | REBECCA KUJAWA, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | KRISTINA D. COHN, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion for judgment on the administrative record is DENIED and the Commissioner's motion is GRANTED.

I.      **RELEVANT BACKGROUND**

    A.      **Factual Background**

Plaintiff was born on July 2, 1985, and has at least a high school education. (Tr. 32, 199). Her alleged disability onset date is March 17, 2015. (Tr. 194). Generally, plaintiff's disabilities consist of depression, anxiety, obsessive disorder, anemia and migraines. (Tr. 198). Her date last insured is June 30, 2023, however at the most recent hearing she requested a closed period of disability from March 17, 2015 through December 31, 2018, due to a return to work. (Tr. 552, 554).

    B.      **Procedural History**

On May 29, 2015, plaintiff protectively applied for a period of Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act and a period of Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (Tr. 165, 172). Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On September 14, 2017, plaintiff appeared before ALJ Bryce Baird. (Tr. 12). On February 14, 2018, ALJ Baird issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-22). The Appeals Council (AC) denied plaintiff's request for review but she appealed her claim to the District Court for the Western District of New York. (Tr. 627-28). The parties stipulated to remand the matter, and the AC remanded the matter for further proceedings. (Tr. 618-623). On remand, the ALJ held a second hearing on April 1, 2021 via telephone. (Tr. 551). On June 16, 2021, the ALJ issued a second unfavorable decision. (Tr. 551-562). Thereafter, plaintiff timely sought judicial review in this Court.

    **C.**    **The ALJ's Decision**

Generally, in his second decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2023.

2. The claimant has not engaged in substantial gainful activity since March 17, 2015, the alleged onset date through December 31, 2018 (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. Between March 17, 2015, the alleged onset date through December 31, 2018 , the claimant has the following severe impairments: anemia; migraine headaches; lumbago; obesity; and, depressive disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926), during the period at issue.

5. After careful consideration of the entire record, I find that during the period at issue, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can sit, stand and walk for six hours in an eight-hour workday. She can occasionally climb stairs and ramps but never climb ladders, ropes or scaffolds. She can frequently kneel and crouch, but never crawl. She is limited to a "moderate" noise level (as that term is defined in the Selected Characteristics of Occupations, an Appendix of the Dictionary of Occupational Titles) and no exposure to bright or flashing lights. She is limited to simple routine tasks with no production rate or pace work. She is limited to no driving a vehicle and no travel to unfamiliar places. She should have no more than superficial contact with the public, and up to occasional interaction with co-workers. She should not perform any teamwork such as on a production line. She can perform work that would require performing the same tasks every day with little variation in hours, location, or tasks. As a result of depression and physical impairments, she would not be able to sustain concentration and focus for extended periods of time, and therefore, she would be off task approximately 5% of the workday in addition to regular breaks.

6. From March 17, 2015, the alleged onset date through December 31, 2018, the claimant was unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on July 2, 1985 and was 29 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 17, 2015, through December 31, 2018 (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 549-62).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two primary arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ improperly evaluated Dr. Leeland Jones's opinion pursuant to the treating physician rule. Second, plaintiff asserts the ALJ improperly formulated an RFC untethered to any medical evidence or opinion. (Dkt. No. 5 at 9 [Pl.'s Mem. of Law].)

### B.     Defendant's Arguments

In response, the defendant argues the ALJ properly considered the medical opinion of evidence in assessing the RFC. (Dkt. No.6 at 5 [Def.'s Mem. of Law].) Next, Defendant argues substantial evidence supported the ALJ's Step Five finding. (Dkt. No. 6 at 13).

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be

reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV. ANALYSIS

#### A. Opinion Evidence

Plaintiff argues the ALJ failed to properly apply the treating physician rule to the opinion of Dr. Jones. (Dkt. No. 5 at 10). On February 1, 2016, Leeland Jones, M.D. completed a Medical Examination for Employability Assessment. (Tr. 288-89). Dr. Jones diagnosed Plaintiff with major depressive disorder and dysthymic disorder. (Tr. 288). Dr. Jones opined that the plaintiff was very limited in her ability to carry out instructions, maintain attention and concentration, interact appropriately with others, maintain socially appropriate behavior without exhibiting behavior extremes, and function in a work setting at a consistent pace. (Tr. 289). Dr. Jones noted that plaintiff was unable to work effectively with co-workers, the public, or in any environment that will exacerbate mental health symptoms. (*Id.*). On May 18, 2017, Dr. Jones provided an updated Medical Examination for Employability Assessment. (Tr. 540-41). Dr. Jones continued to opine

that plaintiff was very limited in her ability to carry out instructions, maintain attention and concentration, interact appropriately with others, maintain socially appropriate behavior without exhibiting behavior extremes, and function in a work setting at a consistent pace. (Tr. 541). Dr. Jones also again noted plaintiff was unable to work effectively with coworkers or the public or in any environment that will exacerbate plaintiff's mental health symptoms. (*Id.*).

Pursuant to the regulations, an ALJ will consider the medical opinions in the case record together with the rest of the relevant evidence. 20 C.F.R. § 404.1527(b) (2016) ("In deciding if you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."). In his decision, the ALJ gave little weight to Dr. Jones's conclusions finding the objective evidence and his treatment notes did not support the significant limitations. More specifically, the ALJ concluded there was no basis for the opinion that she could not deal with people or carry out simple instructions. (Tr. 560).

Plaintiff's argument that the treating physician rule was not applied appropriately is erroneous. A treating physician's opinion is given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009); 20 C.F.R. § 404.1527(c)(2), 416.927(c)(2). If not given controlling weight, an ALJ must provide good reasons for not crediting the opinion of a claimant's treating physician. *See Sanders v. Comm'r of Soc. Sec.*, 506 F. App'x 74, 77 (2d Cir. 2012); *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998) (requirement that ALJ gives good reasons "let[s] claimants understand the disposition of their cases"). Here, the ALJ stated why limited weight was accorded to the opinion. While the ALJ did not specifically mention the objective evidence in that same paragraph, he thoroughly discussed the objective findings throughout his decision. (*See* Tr. 558-59). *See Salmini*

*v. Comm'r of Soc. Sec.*, 371 F.App'x 109, 112-13 (2d Cir. Mar. 25, 2010) citing *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982) (internal quotations omitted) ("the absence of an express rationale for an ALJ's conclusions does not prevent us from upholding them so long as we are 'able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence.'").

Objective mental findings from Dr. Jones showed plaintiff was cooperative and had full orientation, clear thoughts, adequate judgment, above average intelligence, and appropriate insight. (Tr. 258, 263, 268, 271, 274, 314, 440, 443, 446, 451, 454, 457, 460). Objective findings from other sources demonstrated plaintiff had coherent and goal-directed thoughts, full orientation, intact attention and concentration, average cognitive functioning, and fair insight and judgment. (Tr. 277-78, 383, 417, 876, 880). As referenced by the ALJ, there is no evidence of mental health treatment in 2017 and 2018. (Tr. 559). Where a treating physician's treatment notes did not corroborate the physician's restrictive limitations, and were contradicted by other medical evidence, the Second Circuit has held that an ALJ may properly decline to accord that treating provider's opinion significant weight. *Kennedy v. Astrue*, 343 F. App'x. 719, 721 (2d Cir. 2009). In sum, the treating records do not support the severe limitations opined by the treating sources and the ALJ articulated this in his decision.

Specifically, plaintiff's argument that she has greater difficulties in socializing than the ALJ found is not consistent with the record. *See* 20 C.F.R. §§ 404.1529, 416.929 (explaining ALJ may consider the consistency of a claimant's statements against medical signs and other record evidence). While plaintiff has offered the ad hoc reason that she lost previous employment due to problems with working around others, she testified she lost her past job due to many absences as a result of several reasons. (Tr. 586-87) *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (providing

that the SSA "will consider all of the evidence presented, including information about [a claimant's] prior work record, [a claimant's] statements about [her] symptoms, evidence submitted by [her] medical sources, and observations by [the SSA's] employees and other persons"). Plaintiff reported that she socialized with family and treatment notes showed she was cooperative, behaved well, and related adequately. (Tr. 274, 277-78, 367, 407, 850). In addition to the lack of mental health treatment cited above, plaintiff did not take medications as prescribed despite free samples. (Tr. 450, 453, 456). Lastly, the ALJ appropriately considered the inconsistency of Dr. Jones's limitations with plaintiff's activities of daily living. Plaintiff cared for her personal needs, prepared easy meals, performed chores, shopped with others, performed childcare, managed her finances, and drove. Tr. 208-09, 278). *See Cichocki v. Astrue*, 729 F.3d at 178 (2d Cir. 2013) (ALJ properly considered claimant's reported daily activities in assessing the RFC).

Plaintiff has alleged the ALJ cherry-picked the evidence and ignored evidence that would support her argument, however, the findings cited by plaintiff do not undermine the ALJ's decision to accord Dr. Jones's opinion little weight. It is well-established that the ALJ has both the ability and the responsibility to resolve conflicts in the evidence and to weigh all of the available evidence "to make an RFC finding that is consistent with the record as a whole."

**B. RFC**

Plaintiff next argues the RFC finding that she would be off-task 5% of the workday is untethered to any medical evidence or opinion and therefore remand is warranted. (Dkt. No. 5 at 19). It is well settled by the Second Circuit that an ALJ's decision does not have to be supported by an opinion. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Corbiere v. Berryhill* 760 F. App'x 54, 56 (2d Cir. Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of

sedentary work, and relying, instead, on the relevant medical findings in the treatment notes). Where the record contains sufficient evidence, an ALJ is permitted to make determinations related to severe impairments. *Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations.").

Without a medical opinion or evidence to support her argument, plaintiff asserts she would be off task greater than 5% of the workday based on fatigue from anemia, menorrhagia, nausea and hopelessness. (Dkt. No. 5 at 22). However, blood work showed that plaintiff had normal iron levels. (Tr. 536, 538, 876). Objective findings showed she had intact gait, full strength throughout the extremities, and normal neurological findings. (Tr. 284). Rather, the ALJ discussed plaintiff's anemia and treatment and assessed the percentage of off task based on the evidence. (Tr. 559). Where a limitation is supported by the record, it is not error to assign a particular percentage range to illustrate that limitation. *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016) ("The fact that the ALJ assigned a particular percentage range (0–10%) to illustrate Johnson's limitation does not undermine the fact that the ALJ's finding was supported by substantial evidence.").

Plaintiff also takes issue with the ALJ's finding that there was no limitation for interaction with supervisors. (Dkt. No. 5 at 19). The ALJ found plaintiff should have no more than superficial contact with the public and up to occasional interaction with co-workers but plaintiff argues he should have found greater limitations because consultative examiner Dr. Duffy opined mild-to-moderate difficulties relating adequately with others. (Dkt. No. 5 at 23-25). However, mild-to-moderate mental limitations do not indicate disabling functional restrictions that would prevent a

claimant from performing the basic mental demands of unskilled work. *See Zabala v. Astrue*, 595 F.3d 402, 410-11 (2d Cir. 2010) ("None of the clinicians who examined [Zabala] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations," and finding RFC for unskilled work was well supported). The ALJ's imposition of different restrictive limitations with respect to the different social groups was not error. The ALJ relied on additional substantive evidence, such as mental status findings continuously showing that plaintiff was cooperative and plaintiff's reports that she gets along well with her family members and had no difficulty interacting with her medical providers. (Tr. 274, 277-78, 367, 407, 850). Contrary to case law cited by plaintiff, there are not well supported limitations in interacting with supervisors in this record. (Dkt. No. 5 at 24). Plaintiff concedes that Dr. Duffy did not make any distinctions between interactions with supervisors, coworkers and the public and does not cite any other evidence that would support limitations greater than what the ALJ assessed in the RFC. (Dkt. No. 5 at 25).

In sum, the ALJ properly considered all relevant medical and other evidence, including statements by the medical sources. Neither an acceptable nor other medical source may assess the RFC, but rather it is the duty of the ALJ to reach an RFC finding on the record as a whole. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)("Although we consider opinions from medical sources on issues such as …your residual functional capacity…the final responsibility for deciding these issues is reserved to the Commissioner."). While plaintiff identifies other evidence to support her argument, it is well-established that the ALJ has both the ability and the responsibility to resolve conflicts in the evidence and to weigh all of the available evidence to make an RFC finding that is consistent with the record as a whole. *Wilson v. Colvin*, No. 6:16-CV-06509- MAT, 2017 WL 2821560, at *5 (W.D.N.Y. June 30, 2017) ("Furthermore, the fact that an RFC assessment does

not correspond exactly to a medical expert's opinion in the record does not mean that the RFC assessment is 'just made up'.").

**ACCORDINGLY, it is**

**ORDERED that Plaintiff's motion for judgment on the pleadings is DENIED; and it is further**

**ORDERED that Defendant's motion for judgment on the pleadings is GRANTED; and it is further**

**ORDERED that Plaintiff's Complaint is DISMISSED.**

**Dated:  July 26, 2023**
**Rochester, NY**

*J. Gregory Wehrman*
HON. J. Gregory Wehrman
United States Magistrate Judge